## City of Chicago v. Eliza A. Todd.

1. QUESTIONS OF FACT—*Conflicting Evidence.*—A verdict rendered upon conflicting evidence will not for that reason alone be set aside.

2. ATTORNEYS—*Use of Obstreperous Language Ground for New Trial.*—The fact that an attorney used obstreperous language on the trial of a cause, the import of which was that his client was poor, a matter which the evidence during the trial had made probable, is not a sufficient ground for disturbing a verdict.

**Memorandum.**—Case. Appeal from the Superior Court of Cook County. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 25, 1893.

### STATEMENT OF THE CASE.

The language referred to as being improper, was the following :

Mr. Brandt : I want to call your attention to another thing. While I take some exceptions here, as is proper, your honor is perfectly aware that they are utterly valueless to us. I ask the court here to enforce the ordinary rules of evidence in this case, because this case is not appealable as far as we are concerned, and this is a court of last resort—

Mr. Bottum : I object to that statement. It is an outrage to state that.

Mr. Brandt : This is a court of last resort for her.

Mr. Bottum : I want to take an exception to that.

The Court : You have no right to make an objection to the competency of the question, and then tell this court in the presence of the jury that this is a poor woman, and she can not take an appeal. That is not proper.

Mr. Bottum : I desire to take an exception to the remarks of counsel that this woman is too poor to take an appeal.

The Court : Her rights will be preserved by me.

Mr. Bottum : I desire to make an exception to that remark of counsel now.

The Court : The court will instruct the jury that they will pay no attention to the remarks of counsel.

Mr. Brandt: I just want to make this remark. I understand it to be not only my privilege, but my duty to state the reasons when I make an objection in the record, and if I don't I can't avail myself of it.

The Court: You have no right to make an objection to the competency of the question, and then tell this court in the presence of this jury that this is a poor woman and can not take an appeal. That is not proper.

JACOB J. KERN and E. S. BOTTUM, attorneys for appellant.

APPELLEE'S BRIEF, LEMUEL M. ACKLEY AND GEORGE W. BRANDT, ATTORNEYS.

" The testimony in the case is conflicting, and called into requisition the judgment of the jury to reconcile it—to weigh it; and it was their province to decide according as it preponderated. In such cases courts rarely disturb a verdict—never, unless they shall have decided so manifestly against the weight of the evidence as to compel the inference, either that they did not understand the case, or were so influenced by partiality or prejudice or passion as to be incapable of doing justice." Declerq v. Mungin, 46 Ill. 112; Pa. Co. v. Versten, 41 Ill. App. 345; Frizell v. Cole, 42 Ill. 362; Chicago R. W. Co. v. Dunleavy, 27 Ill. App. 438; City of Chicago v. Leseth, 43 Ill. App. 480.

The alleged improper remarks of counsel were at once withdrawn from consideration of the jury, by the court, as soon as they were made. If they were improper, as to which point see Pa. Co. v. Keane, 41 Ill. App. 317, they did no harm, and defendant evidently thought so or he would have asked the court for an instruction in writing, expressly telling the jury again to disregard the remark in question. Having failed to ask such an instruction, he can not complain in that regard now. Moreover the remark in question— " This is a court of last resort for her "—was not specifically referred to in the motion for a new trial nor in the assignment of errors.

Opinion of the Court, Gary, P. J.

The appellee sued the city of Chicago for injuries which she alleged she had sustained by reason of a defective sidewalk. She recovered and the city appealed.

There is no question of law in the case. A verdict was rendered upon conflicting evidence. During the trial some rather obstreperous language was used by attorney of the appellee, the import of which, so far as could be harmful, was that the appellee was poor, which the evidence during the trial had already made probable.

If by reprimand or ridicule the bar could be cured of bad habits, I would endeavor to supply my share of the medicine, "but wisdom cries out in the streets, and no man regards it."

There is really nothing to review, and the judgment is affirmed.